**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANGIE CALLWOOD et al.,**

          **Plaintiffs,**

          **v.**

**MICHAEL MILLS et al.,**

          **Defendants.**
_____

**1:15-cv-1298
(GLS/TWD)**

## SUMMARY ORDER

Plaintiffs Angie Callwood and Johnathon Hardaway, on behalf of themselves and their minor children, A.H and J.H., commenced this action against eighteen defendants alleging twenty-one claims pursuant to 42 U.S.C. § 1983 and New York State law.  (Am. Compl., Dkt. No. 4.)  In a Memorandum-Decision and Order dated June 1, 2020, the court granted in part and denied in part a motion for summary judgment filed by defendants James Meyer, Denise Timbrouck, and Tamatha Stitt (hereinafter "County defendants"), as well as former defendants County of Ulster, Pamela Joern, Amy Greene, Peggy Webb, and Elizabeth Culmone-Mills.  (Dkt. No. 206.)

The court terminated the County, Joern, Greene, Webb, and

Culmone-Mills as defendants, and dismissed various claims against County defendants, leaving only the following claims remaining against them: (1) a false imprisonment claim pursuant to 42 U.S.C. § 1983 against Meyer and Timbrouck; (2) a claim of First Amendment retaliation against Stitt; (3) a claim of denial of the right to a fair trial pursuant to 42 U.S.C. § 1983 against Stitt; (4) malicious prosecution claims pursuant to 42 U.S.C. § 1983 and New York State law against Stitt; and (5) a conspiracy claim pursuant to 42 U.S.C. § 1983 against Stitt.  (*Id.* at 75-76.)

Now pending is a motion for reconsideration filed by County defendants on June 29, 2020, in which they move the court for reconsideration of its decision on each of the remaining claims.  (Dkt. No. 207, Attach. 1 at 6-15.)  Plaintiffs filed a letter motion requesting guidance as to whether a full response is necessary, given that County defendants' motion "appears to be untimely."  (Dkt. No. 210.)  In response, County defendants argue that their motion is timely pursuant to Fed. R. Civ. P. 59(e), 60(b)(1) & (6), and that, even if their motion is untimely, the court should still request full briefing from plaintiffs.  (Dkt. No. 211.)

Motions for reconsideration are governed by Local Rule 7.1(g) which provides, in pertinent part, "a party may file and serve a motion for

2

reconsideration or reargument no later than fourteen days after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 7.1(g) (emphasis omitted). Courts in this District routinely deny motions for reconsideration due to a movant's failure to comply with the timeliness provision of Rule 7.1(g). *See, e.g.*, *Vidurek v. Cuomo*, No. 1:18-CV-392, 2019 WL 2569648, at *1 (N.D.N.Y. June 21, 2019). Here, County defendants filed their motion for reconsideration twenty-eight days after the court issued the Memorandum-Decision and Order to which they object, (Dkt. Nos. 206-07), making their motion untimely.

County defendants purport to invoke Fed. R. Civ. P. 60(b), but that rule only applies to "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added); *see Booker v. Griffin*, No. 16-CV-00072, 2019 WL 549065, at *1 (S.D.N.Y. Feb. 11, 2019) ("The [c]ourt cannot grant [p]laintiff relief from the December [o]rder under Rule 60(b) because the December [o]rder is not a final judgment." (citation omitted)). "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008) (citation omitted).

Because the order at issue granted in part and denied in part a motion for summary judgment, and, thus, was not a final order, Rule 60 does not cure County defendants' untimeliness. *See Kaufman v. Columbia Mem'l Hosp.*, No. 1:11-CV-667, 2014 WL 2776662, at *1 (N.D.N.Y. June 19, 2014) ("Rule 60 does not apply to the instant motions because the order in question is not a final one as it partially denied the motion for summary judgment. Rather, the instant motions for reconsideration are governed by . . . Local Rule 7.1(g)." (citation omitted)). Accordingly, County defendants' motion for reconsideration, (Dkt. No. 207), is denied.[1]

Accordingly, it is hereby

**ORDERED** that County defendants' motion for reconsideration (Dkt. No. 207) is **DENIED**; and it is further

---

[1] In any event, while the court is aware that a full response from plaintiffs' has not been filed, it has viewed County defendant's submissions, and, even if the motion was timely filed, it is meritless. Nothing in County defendants' motion offers a valid ground for reconsidering the court's order: there is no assertion that there has been an intervening change in the controlling law or the discovery of new evidence, nor have County defendants sufficiently established a clear error of law or a manifest injustice that would justify reconsideration. *See Shaughnessy v. Garrett*, No. 5:06-CV-103, 2011 WL 1213167, at *1 (N.D.N.Y. Mar. 31, 2011). Instead, County defendants improperly seek "solely to relitigate [issues] already decided." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

4

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 2, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge